B. Andrich and Another, Defendants, and The New York Central Railroad Company, Appellant.— Orders so far as appealed from reversed, without costs of this appeal to any party, and motion denied, without costs. All concur. (The portion of the order appealed from consolidates three actions resulting from an automobile collision and directs that trial be held in Niagara county. The second order resettles the previous order.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Michael J. Fink, Respondent, v. Stanley Brzezinski, Appellant. Marion E. Staley, Respondent, v. Stanley Brzezinski, Appellant. Bessie De Glopper, Respondent, v. Stanley Brzezinski, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: With the consent of the plaintiffs, the cases were submitted to the jury on the sole question as to whether Hollenbeck was operating the car with the express permission of the defendant or of his father. The plaintiffs consented that the question of implied consent be withdrawn from the jury. This procedure necessarily eliminated the question as to the presumption created by section 59 of the Vehicle and Traffic Law. The court charged that there was "no positive testimony of expressed consent," thus leaving the jury to find express consent by inference to be drawn from the testimony. The finding of the jury that there was express consent was, in our judgment, against the weight of the evidence. The motion to set aside the verdicts and for new trials should have been granted. All concur. (The judgment is for plaintiffs in three automobile negligence actions. The order denies a motion for a new trial in all actions.) (Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

John W. Wright, Respondent, v. Fred C. West, Doing Business under the Assumed Name of " Service Storage Company," Appellant.— Order reversed, without costs of this appeal to either party, and matter remitted to the Monroe County Court to settle the record on appeal in accordance with the stipulation and agreement of the parties. All concur. (The order disallows appellant's proposed bill of exceptions and settles the record on appeal by including the entire case.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Marjorie M. Assmann, Respondent, v. Manny Rose and Myer Rose, Individually and as Partners, Doing Business under the Assumed Name and Style of Sally Ann Baking Company, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, on the ground that the findings that defendants were negligent and that plaintiff was free from contributory negligence are against the weight of evidence; and also that the damages are excessive. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Ernest E. Assmann, Respondent, v. Manny Rose and Myer Rose, Individually and as Partners, Doing Business under the Assumed Name and Style of Sally Ann Baking Company, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, on the ground that the findings that defendants were negligent and that plaintiff was free from contributory negligence are against the weight of evidence. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Harris and McCurn, JJ.